The Honorable David W. Christel

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| JOSE GUILLEMETTE, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA-PACIFIC GYPSUM LLC, a Delaware limited liability company,<br><br>Defendant. | **Case No. 3:26-cv-05943-DWC**<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMANDED**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 13, 2026** |

## I. PROCEDURAL BACKGROUND.

1. Plaintiff Jose Guillemette ("Plaintiff" or "Guillemette"), by and through his undersigned counsel, submits this Motion for Leave to File his First Amended Class and Collective Action Complaint in the form attached as Exhibit 1.

2. Plaintiff brought claims against Defendant Georgia-Pacific Gypsum LLC ("Defendant" or "Georgia-Pacific"), individually and on behalf of other Hourly Employees, alleging failure to provide bona fide meal and rest periods as required by the Washington Industrial Welfare Act and related Washington Department of Labor & Industries regulations, failure to pay overtime


JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

as required by the Washington Minimum Wage Act, and failure to pay earned wages as required under the Washington Rebate Act. *See generally* Docs. 1, 1-3.

3. Plaintiff filed his Complaint on July 10, 2026, in the Superior Court of the State of Washington, Pierce County. Doc. 1-3.

4. Defendant filed its Notice of Removal on August 20, 2026. Doc. 1.

5. Defendant filed an Answer on September 8, 2026. Doc. 11.

6. At the time of this filing, no scheduling order has been entered for this matter, nor any deadline set to amend the pleadings.

7. Plaintiff now seeks leave to file a First Amended Complaint, naming additional Georgia-Pacific entities, and adding allegations against Defendant for violations of the Fair Labor Standards Act ("FLSA").

8. The proposed First Amended Complaint is filed herewith as Exhibit 1. Pursuant to LCR 15(a), Plaintiff's intended revisions are reflected in redline.

## II. ARGUMENT.

9. Federal Rule of Civil Procedure 15 permits a party to amend its pleading once as a matter of course within 21 days after serving it, or within 21 days after service of a responsive pleading. See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the opposing party's written consent[1] or the court's leave. Fed. R. Civ. P. 15(a)(2).

10. Importantly, Rule 15 states that the Court "should freely give leave when justice so requires." *Id.* Indeed, this policy is to be "applied with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).

[1] On October 21, 2026, Plaintiff's Counsel emailed counsel for Defendant inquiring whether Defendant would oppose an amendment. As of the time of filing, there has been no response.


JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

11. "Courts may decline to grant leave to amend **only if** there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227 (1962)) (emphasis added). Prejudice to the opposing party is the "touchstone" of the inquiry under Rule 15(a). *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

12. Plaintiff now moves for leave of Court to file the First Amended Class and Collective Action Complaint. The First Amended Class and Collective Action Complaint seeks to add Georgia-Pacific entities as defendants and add related claims for relief under the FLSA. The First Amended Complaint is based on the same facts as Plaintiff's Original Complaint (Doc. 1-3) and challenges the same Georgia-Pacific pay practices. *See* Exhibit 1.

13. Granting this Motion will not prejudice Defendant in any way. The case remains in its earliest procedural stages: the Court has not yet entered a scheduling order or set any deadline to amend the pleadings. Further, there have been no previous amendments, and the proposed amendment (arising as it does from the same facts and containing the same allegations as Plaintiff's Original Complaint) is not futile, nor alleged to be.

14. Nor is there any bad faith or dilatory motive. Plaintiff does not seek to amend for any improper purpose. The addition of allegations of violations of the FLSA is not a new or baseless legal theory advanced to prolong the litigation; the basis for inclusion of additional parties and claims arise from the same pay practices already at issue and are supported by Plaintiff's investigation.


JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that this Court grant this Motion.

I certify that this memorandum contains 835 words, in compliance with the Local Civil Rules.

Date: October 23, 2026

Respectfully submitted,

By: */s/ Alyssa J. White*
**Andrew W. Dunlap**
adunlap@mybackwages.com
**Alyssa J. White**
awhite@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
5847 San Felipe, Suite 2400
Houston, Texas 77057
Telephone: 713.352.1100

**AND**

**Richard J. (Rex) Burch**
rburch@brucknerburch.com
**BRUCKNER BURCH, PLLC**
5847 San Felipe, Suite 2400
Houston, Texas 77057
Telephone: 713.877.8788

**AND**

By: */s/ Michael C. Subit*
Michael C. Subit, WSBA #29189
msubit@frankfreed.com
**FRANK FREED SUBIT & THOMAS, LLP**
705 Second Ave., Suite 1200
Seattle, Washington 98104
Telephone: 206.682.6711

**ATTORNEYS FOR GUILLEMETTE & THE HOURLY EMPLOYEES**

## CERTIFICATE OF CONFERENCE

I certify that I contacted counsel for Georgia-Pacific via email on October 21, 2026, informed them of the forthcoming motion, described the forthcoming amendments, and asked if Defendant would oppose Plaintiff seeking to amend the Complaint. At the time of this filing, counsel for Defendant has not expressed a position or otherwise acknowledged the correspondence.

*/s/ Alyssa J. White*
**Alyssa J. White**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this, the 23rd day of October 2026, a true and correct copy of the foregoing has been filed and served upon all parties of record via the Court's CM/ECF System.

*/s/ Alyssa J. White*
**Alyssa J. White**