# Exhibit 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

Deleted: IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON...

Deleted:

Deleted: IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| JOSE GUILLEMETTE, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA-PACIFIC GYPSUM LLC, a Delaware limited liability company, GEORGIA-PACIFIC CORRUGATED LLC, a Delaware limited liability company, GEORGIA-PACIFIC WEST LLC, a Delaware limited liability company, and GEORGIA-PACIFIC WFS LLC, a Delaware limited liability company<br><br>Defendant. | **Case No. 3:26-cv-05943-DWC**<br><br>**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES**<br><br>JURY DEMANDED<br><br>Rule 23 Class Action<br>FLSA Collective Action |

Deleted: ______________

Deleted: ORIGINAL

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Deleted: ORIGINAL

### SUMMARY

1. Jose Guillemette (Guillemette) brings this class and collective action to recover unpaid wages and other damages from Georgia-Pacific Gypsum LLC (Gypsum), Georgia-Pacific Corrugated LLC (Corrugated), Georgia-Pacific West LLC (West), Georgia-Pacific WFS LLC (WFS) (collectively, Defendants).

Deleted: P

2. Defendants employed Guillemette as one of its Hourly Employees (defined below).

3. Defendants pay Guillemette and the other Hourly Employees by the hour.

Deleted: GP

Deleted: GP

Deleted: s

Deleted: ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

4. Guillemette and the other Hourly Employees regularly work more than 40 hours a week.

5. But Defendants do not pay Guillemette and the other Hourly Employees for all their hours worked, including overtime hours.

6. Instead, Defendants require Guillemette and the other Hourly Employees to put on safety gear necessary to perform their job duties, "off the clock," on their premises, prior to the start of their shifts (Defendants' pre-shift off the clock policy).

7. But Defendants do not pay Guillemette and the other Hourly Employees for this work before their shifts.

8. Defendants' pre-shift off the clock policy violates the Fair Labor Standards Act (FLSA) and Washington law by depriving Guillemette and the other Hourly Employees of earned wages, including overtime wages.

9. Additionally, Defendants require Guillemette and the other Hourly Employees to clock in and out for their shifts via their timekeeping system, but Defendants automatically round their clock in and clock out punches to the nearest quarter hour (Defendants' "rounding policy").

10. Defendants automatically round these employees' clock in and clock out punches for their primary benefit and to their detriment.

11. And Defendants do not relieve Guillemette and the other Hourly Employees of all work duties for "meal periods" (Defendants' "meal period policy").

12. Defendants require Guillemette and the other Hourly Employees to remain on duty and perform their regular job duties throughout their shifts and/or subject them to interruptions during any attempted "meal periods."

13. Guillemette and the other Hourly Employees regularly do not receive and are unable to take compliant, *bona fide* meal periods.

14. Defendants do not compensate them for missed or otherwise non-compliant "meal periods."

15. Guillemette and the other Hourly Employees likewise do not receive *bona fide* rest

Deleted: GP
Deleted: es
Deleted: GP
Deleted: s
Deleted: its
Deleted: s
Deleted: GP
Deleted: es
Deleted: GP's
Deleted: GP
Deleted: s
Deleted: its
Deleted: GP
Deleted: s
Deleted: GP's
Deleted: GP
Deleted: s
Deleted: its
Deleted: GP
Deleted: es
Deleted: GP
Deleted: s
Deleted: GP
Deleted: s
Deleted: s
Deleted: GP
Deleted: es
Deleted: ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

periods for every four hours worked or major fraction thereof (Defendants' "rest period policy").

16. Instead, Defendants require Guillemette and the other Hourly Employees to remain on duty and perform their regular job duties throughout their shifts and/or subject them to interruptions during attempted "rest periods."

17. Defendants' failure to provide Guillemette and the other Hourly Employees with compliant, *bona fide* meal and rest periods violates the Washington Industrial Welfare Act (WIWA) and related Washington Department of Labor & Industries (L&I) regulations.

18. Defendants' pre-shift off the clock policy, rounding policy, meal period policy, and rest period policy violate the FLSA and/or Washington Minimum Wage Act (WMWA) by depriving Guillemette and the other Hourly Employees of overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

19. Likewise, as a result of Defendants' pre-shift off the clock policy, rounding policy, meal period policy, and rest period policy, Defendants willfully withhold earned wages from Guillemette and the other Hourly Employees in violation of the Washington Wage Rebate Act (WWRA).

## JURISDICTION & VENUE

20. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

21. This Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

22. This Court has personal jurisdiction over Defendants based on their substantial and ongoing business done in Washington, including registering to do business, operating industrial facilities, and employing Guillemette and other Hourly Employees.

23. Venue is proper based on removal of this matter from the Washington Superior Court for Pierce County.

**Deleted:** .
**Deleted:** GP
**Deleted:** s
**Deleted:** s
**Deleted:** (GP's "rest period policy").
**Deleted:** GP's
**Deleted:** GP's
**Deleted:** GP's
**Deleted:** GP
**Deleted:** s
**Deleted:** "
**Deleted:** "
**Deleted:** ¶
**Formatted:** Subtitle,Section, Left, Line spacing: single, No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers
**Formatted:** Indent: Left: 0", First line: 0.5"
**Deleted:** ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

## PARTIES

24. Defendants employed Guillemette as a panel operator from approximately June 2024 until August 2025.

25. Throughout his employment, Defendants classified Guillemette as non-exempt and paid him by the hour.

26. Defendants subjected Guillemette to their pre-shift off the clock policy, rounding policy, meal period policy, and rest period policy.

27. Guillemette brings this class action on behalf of himself and similarly situated employees.

28. Guillemette seeks to represent such a class under Washington law pursuant to CR 23.

29. The putative collective of similarly situated employees is defined as:

> **All hourly employees who Defendants employed under their pre-shift off the clock policy and/or rounding policy at any time from July 10, 2023[1], through final resolution of this action (the "FLSA Collective Members").**

30. The putative class of similarly situated employees is defined as:

> **All hourly employees in Washington who Defendants employed under their pre-shift off the clock policy, rounding policy, meal period policy, and/or rest period policy at any time from July 10, 2023, through final resolution of this action (the "Washington Class Members").**

31. The FLSA Collective Members and the Washington Class Members are collectively referred to as the "Hourly Employees."

32. Each Defendant is a Delaware limited liability company headquartered in Atlanta, Georgia.

33. Gypsum has been served and appeared in this matter through counsel.

[1] The Original Complaint in this matter was filed July 10, 2026 in the Pierce County Superior Court.



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

Deleted: <#>This Court has original jurisdiction over this class action to recover money damages pursuant to RCW 2.08.010 and CR 23.¶
Venue is proper in Pierce County because Defendant transacts business in Pierce County, and some part of the cause arose in Pierce County. RCW 4.12.020 and .025.¶
This matter is properly in this Court because the aggregate amount in controversy is under $5 million and the size of Guillemette's proposed class is fewer than 100 individual members (but more than 40). ¶

Deleted: GP

Deleted: GP

Deleted: GP

Deleted: its

Deleted: GP

Deleted: class

Deleted: in Washington

Deleted: GP

Deleted: its

Deleted: ,

Deleted: , meal period policy, and/or rest period policy…during the past 3 years ... [1]

Deleted: during the past 3 years

Deleted: Hourly Employees

Formatted: Indent: First line: 0.5", Space Before: 0 pt

Formatted: Normal, Justified, Indent: Left: 1", Right: 1", Space Before: 12 pt, Add space between paragraphs of the same style, Line spacing: single, No bullets or numbering

Formatted: Font: Bold

Deleted: GP

Formatted: Font: Garamond, 12 pt

Formatted: Font: Garamond, 12 pt

Formatted: Font: Garamond

Deleted: ORIGINAL

34. Corrugated, West, and WFS may each be served through their shared registered agent: **United Agent Group Inc., 707 W. Main Avenue, #B1, Spokane, Washington 99201**.

35. Defendants share common management and ownership.

36. Defendants jointly, as a single enterprise, manage and control the day to day conditions of employment Guillemette and the other Hourly Employees work under.

37. Defendants jointly control Guillemette's and the other Hourly Employees' conditions of employment by, for example, by imposing shared payroll and timekeeping systems on these employees, as well as imposing common policies and procedures, such as safety rules and good manufacturing practices.

## COVERAGE UNDER THE FLSA

38. At all relevant times, Defendants were an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

39. At all relevant times, Defendants were an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

40. At all relevant times, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials, such as computers, pens, and tools that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

41. At all relevant times, Defendants have had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

42. At all relevant times, the Hourly Employees were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

43. At all relevant times, the Hourly Employees were engaged in commerce or in the production of goods for commerce.

Deleted: GP

Deleted: its

Formatted: Indent: Left: 0", First line: 0.5"

Formatted: Normal, Justified, Indent: First line: 0.5", Right: 0", Add space between paragraphs of the same style, Line spacing: Double, Don't adjust space between Latin and Asian text, Don't adjust space between Asian text and numbers

Deleted: ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

## FACTS

44. Defendants tout that they have more than 30,000 employees across more than 150 locations and produce everything from bath tissue and paper towels to packing supplies to building materials."[2]

45. To meet their shared business objectives, Defendants hire employees, like Guillemette and the other Hourly Employees.

46. Defendants advertise open jobs and solicit application for these positions, across their facilities, through their shared website.[3]

47. Defendants classify Guillemette and the other Hourly Employees as non-exempt and pay them by the hour.

48. While exact job duties and locations may differ, Guillemette and the other Hourly Employees are all subject to Defendants' same or similar policies—its pre-shift off the clock policy, rounding policy, meal period policy, and rest period policy—while performing similar work.

49. For example, Defendants employed Guillemette as a panel operator from approximately June 2024 until August 2025 in Washington.

50. Guillemette's job duties included maintaining, operating, and monitoring machinery to produce gypsum panels, as well as performing quality inspections.

51. Defendants paid Guillemette approximately $27.39 an hour.

52. Throughout his employment, Guillemette regularly worked more than 40 hours in a workweek.

53. Indeed, Guillemette typically worked 12 hours a day and a rotating schedule of 3 to 7 days a week (36 to 84 hours a workweek) "on the clock."

54. Likewise, the other Hourly Employees typically work similar, rotating 36 to 84 hour a workweek schedules "on the clock."

---

[2] https://www.gp.com/ (last visited October 16, 2026).

[3] https://koch.avature.net/en_US/careers/SearchJobs?731=6046&732=6299&tags=rm.kcm.web.kcm-004 (last visited October 16, 2026).



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

**Formatted:** Don't keep with next

**Formatted:** Indent: First line: 0.5", No widow/orphan control, Don't keep with next

**Deleted:** GP

**Deleted:** s

**Deleted:** it

**Deleted:** "has developed the highest quality gypsum building products in the industry … [and is] still innovating with groundbreaking gypsum products

**Deleted:** its

**Deleted:** GP

**Deleted:** s

**Formatted:** Indent: First line: 0.5", No widow/orphan control

**Deleted:** GP

**Deleted:** ies

**Deleted:** s

**Deleted:** GP's

**Deleted:** GP

**Deleted:** GP

**Deleted:** https://www.buildgp.com/about-us

**Deleted:** June

**Deleted:** 24

**Formatted:** Font: 12 pt

**Formatted:** Justified

**Formatted:** Font: Garamond, 12 pt

**Formatted:** Justified, Line spacing: single

**Field Code Changed**

**Formatted:** Hyperlink, Font: Garamond, 12 pt

**Deleted:** ORIGINAL

55. But Defendants do not pay Guillemette and its other Hourly Employees for all their hours worked, including overtime hours.

56. Specifically, Defendants subject Guillemette and the other Hourly Employees to their pre-shift off the clock pay scheme.

57. For example, Defendants required Guillemette to prepare and put on safety gear (including hard hat, steel toed boots, face shields, safety glasses, cut proof safety gloves), prior to his scheduled shifts, on Defendants' premises, and without compensation.

58. This took Guillemette approximately 15 minutes each workday.

59. Guillemette could not safely perform his job duties in accordance with Defendants' policies, procedures and expectations without this safety gear.

60. The donning of safety gear was thus an integral and indispensable work duty for Guillemette, fundamentally intertwined with his other job duties Defendants hired him to perform, because he could not perform these other job duties in the manner prescribed by Defendants without donning this safety gear. .

61. But under its pre-shift off the clock policy, Defendants did not compensate Guillemette for the same.

62. Thus, because of its pre-shift off the clock policy, Defendants failed to pay Guillemette wages, including overtime wages, for all hours worked.

63. Guillemette and the other Hourly Employees perform their jobs under Defendants' supervision and use materials, equipment, and technology Defendantsapprove and supply.

64. Defendants require Guillemette and the other Hourly Employees to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

65. At the end of each pay period, Guillemette and the other Hourly Employees receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

66. But, just as with Guillemette, Defendants fail to pay the other Hourly

Deleted: GP
Deleted: es
Deleted: GP
Deleted: s
Deleted: its
Deleted: GP
Deleted: GP's
Deleted: GP's
Deleted: authorized and required work duties for Guillemette at the workplace prescribed by GP because these duties were fundamentally intertwined with his other job duties
Deleted: GP
Deleted: GP
Deleted: , in violation of Washington law
Deleted: GP's
Deleted: GP
Deleted: s
Deleted: ies
Deleted: GP
Deleted: s
Deleted: GP
Deleted: GP
Deleted: s
Deleted: s
Deleted: GP
Deleted: s
Deleted: ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

Employees for all their hours worked.

67. Defendants likewise subject the other Hourly Employees to their pre-shift off the clock policy.

68. Specifically, like Guillemette, Defendants require the other Hourly Employees to prep and put on safety gear (including hard hat, steel toed boots, face shields, safety glasses, cut proof safety gloves), prior to their scheduled shifts, on Defendants' premises, and without compensation.

69. And like Guillemette, these jobs duties take the other Hourly Employees approximately 10 to 15 minutes each workday.

70. Defendants fail to exercise their duty as the Hourly Employees' employer to ensure they are not performing work "off the clock" on its premises that Defendants do not want performed.

71. And Defendants know, should know, or recklessly disregard whether Guillemette and the other Hourly Employees routinely perform work "off the clock," before their shifts.

72. Thus, Defendants require, authorize, suffer, or permit Guillemette and the other Hourly Employees to work "off the clock," without compensation, before their scheduled shifts.

73. Despite accepting the benefits, Defendants do not pay Guillemette and the other Hourly Employees for the compensable work they perform "off the clock" before their scheduled shifts.

74. Thus, under Defendants' pre-shift off the clock policy, Guillemette and the other Hourly Employees are denied wages, including overtimes wages, for compensable work they perform "off the clock," in violation of federal and Washington law.

75. Further, Defendants subject Guillemette and the other Hourly Employees to their rounding policy.

**Deleted:** GP
**Deleted:** s
**Deleted:** its
**Deleted:** same
**Deleted:** GP
**Deleted:** s
**Deleted:** GP's
**Deleted:** GP
**Deleted:** s
**Deleted:** its
**Deleted:** GP
**Deleted:** es
**Deleted:** GP
**Deleted:** s
**Deleted:**
**Deleted:** s
**Deleted:** GP
**Deleted:** s
**Deleted:** s
**Deleted:** s
**Deleted:** s
**Deleted:** GP
**Deleted:** es
**Deleted:** GP's
**Deleted:** GP
**Deleted:** s
**Deleted:** its
**Deleted:** ORIGINAL

76. Specifically, Defendants automatically round Guillemette and the Hourly Employees' recorded clock in and clock out punches to the nearest quarter hour for Defendants' primary benefit and to the detriment of these employees.

77. Defendants also prohibit Guillemette and the other Hourly Employees from clocking in for their shifts more than 7.5 minutes before their shift start times and clocking out more than 7.5 minutes after their shift end times.

78. And Defendants take disciplinary action or threaten to do so if Guillemette and the other Hourly Employees clock in even a minute past their scheduled start times or clock out even a minute before their scheduled end times.

79. Defendants further require and expect Guillemette and the other Hourly Employees to perform their normal job duties immediately upon clocking in.

80. By enforcing these policies, Defendants ensure their rounding policy benefits themselves and detriments Guillemette and the Hourly Employees.

81. Thus, under Defendants' rounding policy, Guillemette and the other Hourly Employees are denied wages for hours worked, including overtime wages for overtime hours.

82. Additionally, Defendants impose their meal period policy on Guillemette and the other Hourly Employees.

83. Specifically, largely due to understaffing combined with production demands, Defendants require these employees to continue performing their normal job duties throughout their shifts without *bona fide* "meal periods."

84. Guillemette and the other Hourly Employees do not receive compliant, *bona fide* meal periods, even when they work more than five hours in a day.

85. Instead, Defendants require Guillemette and the other Hourly Employees to remain on duty and perform compensable work throughout their shifts for Defendants' benefit, including during any so called "meal periods."

86. And Defendants subject Guillemette and the other Hourly Employees to work interruptions during any attempted "meal periods."

**Deleted:** GP
**Deleted:** s
**Deleted:** GP's
**Deleted:** GP
**Deleted:** s
**Deleted:** GP
**Deleted:** s
**Deleted:** s
**Deleted:** GP
**Deleted:** s
**Deleted:** s
**Deleted:** GP
**Deleted:** s
**Deleted:** its
**Deleted:** GP
**Deleted:** GP's
**Deleted:** all
**Deleted:** GP
**Deleted:** s
**Deleted:** its
**Deleted:** GP
**Deleted:** s
**Deleted:** GP
**Deleted:** s
**Deleted:** GP's
**Deleted:** GP
**Deleted:** s
**Deleted:** ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

87. Thus, Guillemette and the other Hourly Employees are not free to engage in personal activities, even during attempted "meal periods."

88. Rather, during any attempted "meal period," Guillemette and the other Hourly Employees are forced to substantially perform their regular duties and responsibilities.

89. Guillemette and the other Hourly Employees routinely spend any supposed "meal periods" performing work for Defendants'—not their own—benefit.

90. This time is compensable under Washington law because Defendants knew, or should have known, that (1) Guillemette and the other Hourly Employees were performing work during "meal periods," (2) they were interrupted with work duties during attempted "meal periods," (3) they were not completely relieved of all duties during "meal periods," (4) they entirely skipped "meal periods" due to work demands, (5) "meal periods" were less than 30 consecutive minutes, (6) they were not free to engage in personal activities during "meal periods" because of work interruptions, (7) they remained on Defendants' premises or under Defendants' supervision, and/or (8) they spent "meal periods" substantially performing their regular job duties for Defendants' benefit.

91. Likewise, Defendants fail to provide Guillemette and the other Hourly Employees with a *bona fide* 10-minute rest period for every four hours worked or major fraction thereof.

92. Rather, Defendants require Guillemette and the other Hourly Employees to work throughout their shifts, including during any so called "rest periods" and/or subjects them to work interruptions during any attempted rest periods.

93. Thus, under its pre-shift off the clock policy, rounding policy, meal period policy, and rest period policy, Defendants fail to pay and willfully withhold earned wages, including overtime wages, from Guillemette and its other Hourly Employees in violation of the WIWA and related L&I regulations, in addition to violating the FLSA, WMWA, and WWRA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

94. Guillemette brings his claims as a class and collective action on behalf of himself and the other Hourly Employees.

Deleted: GP's
Deleted: GP
Deleted: GP's
Deleted: GP's
Deleted: GP's
Deleted: GP
Deleted: s
Deleted: GP
Deleted: s
Deleted: GP
Deleted: s
Deleted: s
Deleted: <#>Guillemette realleges and incorporates paragraphs 1. through 79. of this Complaint.¶
Deleted: ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

95. Like Guillemette, the other Hourly Employees are victimized by Defendants' pre-shift off the clock policy, rounding policy, meal period policy, and/or rest period policy.

96. Other Hourly Employees worked with Guillemette and indicated they were paid in the same manner, performed similar work, and were subject to Defendants' pre-shift off the clock policy, rounding policy, meal period policy, and/or rest period policy.

97. Based on his experience, Guillemette is aware Defendants' pre-shift off the clock policy, rounding policy, meal period policy, and rest period policy were imposed on other Hourly Employees.

98. The putative class of Hourly Employees includes more than 40 members.

99. Thus, the putative class of Hourly Employees is so numerous that joinder of all class members in one lawsuit is impracticable.

100. The Hourly Employees are similarly situated in the most relevant respects.

101. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to earned wages, overtime wages, and compliant meal and rest periods.

102. The only relevant inquiry is whether the Hourly Employees were subject to Defendants' pre-shift off the clock policy, rounding policy, meal period policy, and rest period policy.

103. Therefore, the specific job titles or locations of the Hourly Employees do not prevent class treatment.

104. Rather, Defendants' pre-shift off the clock policy, rounding policy, meal period policy, and rest period policy render Guillemette and the other Hourly Employees similarly situated for the purpose of determining their right to earned wages, including overtime wages, and *bona fide* meal and rest periods.

105. Defendants' records reflect the number of hours the Hourly Employees worked and were paid each week "on the clock."

Deleted: GP's

Deleted: GP's

Deleted: her

Deleted: GP's

Deleted: (but fewer than 100)

Deleted: GP's

Deleted: GP's

Deleted: s

Deleted: GP's

Deleted: ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

106. Defendants' records reflect that they automatically rounded the Hourly Employees' hours to the nearest quarter hour for their own primary benefit.

107. The wages owed to Guillemette and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

108. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Defendants' records, and there is no detraction from the common nucleus of liability facts.

109. Therefore, the issue of damages does not preclude class or collective treatment.

110. Guillemette's experiences are typical of the experiences of the other Hourly Employees.

111. Guillemette has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

112. Guillemette has an interest in obtaining the unpaid wages owed to the Hourly Employees under federal and Washington law.

113. Guillemette and his counsel will fairly and adequately protect the interests of the other Hourly Employees.

114. Guillemette retained counsel with significant experience litigating complex class and collective actions.

115. A class and collective action is superior to other available means for the fair and efficient adjudication of this lawsuit.

116. Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Defendants will reap the unjust benefits of violating federal and Washington law.

117. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

118. Indeed, the multiplicity of actions would create hardship for the Hourly Employees, the Court, and Defendants.



**Deleted:** GP's
**Deleted:** it
**Deleted:** its
**Deleted:** GP's
**Deleted:** GP
**Deleted:** GP
**Deleted:** ORIGINAL

119. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency as well as parity among the Hourly Employees' claims.

120. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

121. Among the common questions of law and fact are:

(a) Whether Defendants' pre-shift off the clock policy failed to compensate the Hourly Employees for all hours worked;

(b) Whether Defendants' pre-shift off the clock policy deprived the Hourly Employees of overtime when they worked more than 40 hours in a workweek;

(c) Whether Defendants engaged in a policy and practice of requiring the Hourly Employees to perform their typical job duties throughout their shifts, including during so called "meal periods" or "rest periods";

(d) Whether Defendants failed to provide the Hourly Employees with *bona fide* meal and/or rest periods in violation of the WIWA and related Washington L&I regulations;

(e) Whether Defendants automatically rounded the Hourly Employees' clock in and out punches to the nearest quarter hour;

(f) Whether Defendants failed to pay the Hourly Employees overtime at rates of at least 1.5 times their regular rates of pay, based on all remuneration, for hours worked after 40 in a workweek;

(g) Whether Defendants willfully withheld earned wages from the Hourly Employees; and

(h) Whether Defendants' violations were willful.

122. The Hourly Employees are known to Defendants, are readily identifiable, and can be located through Defendants' business and personnel records.

Formatted: Font: Garamond
Deleted: GP's
Formatted: Font: Garamond
Deleted: GP's
Deleted: employees
Formatted: Font: Garamond
Deleted: GP
Deleted: its
Formatted: Font: Garamond
Deleted: GP
Deleted: its
Deleted: GP
Formatted: Font: Garamond
Deleted: GP
Deleted: its
Formatted: Font: Garamond
Deleted: GP
Deleted: its
Formatted: Font: Garamond
Deleted: GP's
Formatted: Font: Garamond
Deleted: GP
Deleted: GP's
Deleted: ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

## DEFENDANTS' VIOLATIONS WERE WILLFUL

123. Defendants knew the Hourly Employees were non-exempt employees entitled to overtime.

124. Defendants knew they paid the Hourly Employees by the hour.

125. Defendants knew they were subject to the WMWA's overtime provisions.

126. Defendants knew the FLSA and WMWA required them to pay non-exempt employees, including the Hourly Employees, earned wages, including overtime wages for all hours worked after 40 in a workweek.

127. Defendants knew they paid the Hourly Employees according to their pre-shift off the clock policy, rounding policy, meal period policy, and rest period policy.

128. Defendants knew they had a duty to ensure the Hourly Employees were not performing work "off the clock" (without pay).

129. Defendants knew they automatically rounded the Hourly Employees' clock in and clock out times to the nearest quarter hour for their own primary benefit.

130. Defendants knew they required the Hourly Employees to don safety gear "off the clock."

131. Defendants knew they controlled the Hourly Employees' work procedures.

132. Defendants knew their Hourly Employees' mandatory "off the clock" work was a fundamental requirement of their jobs.

133. In other words, Defendants knew the Hourly Employees performed compensable work "off the clock" and without compensation.

134. Defendants knew they were subject to the WWRA.

135. Defendants knew the WWRA prohibited them from willfully withholding earned wages from employees, including the Hourly Employees.

136. Defendants knew each Hourly Employee worked more than 40 hours in at least one workweek during relevant period(s).

Deleted: GP's
Deleted: <#>Guillemette realleges and incorporates paragraphs 1. through 108. of this Complaint.¶
Deleted: <#>GP
Deleted: <#>its
Deleted: GP
Deleted: it
Deleted: its
Deleted: GP
Deleted: it
Deleted: was
Deleted: GP
Deleted: it
Deleted: GP
Deleted: it
Deleted: its
Deleted: its
Deleted: GP
Deleted: it
Deleted: its
Deleted: GP
Deleted: it
Deleted: its
Deleted: GP
Deleted: it
Deleted: GP
Deleted: it
Deleted: GP
Deleted: its
Deleted: GP
Deleted: its
Deleted: GP
Deleted: it
Deleted: was
Deleted: GP
Deleted: it
Deleted: GP
Deleted: ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

137. Defendants knew the Hourly Employees did not actually receive *bona fide* meal periods and rest periods.

138. Defendants knew the Hourly Employees regularly spent their "meal and rest periods" performing their regular job duties.

139. Defendants knew they were subject to the WIWA and the Washington L&I regulations that require them to provide employees, including the Hourly Employees, a *bona fide*, duty-free, and uninterrupted 30-minute meal period for every 5 hours worked.

140. Defendants knew they were subject to the WIWA and the Washington L&I regulations that require them to provide employees, including the Hourly Employees, a *bona fide*, duty-free, and uninterrupted 30-minute rest period for every 4 hours worked or major fraction thereof.

141. Defendants knew, should have known, or recklessly disregarded whether their conduct described in this Complaint violated the FLSA, WMWA, WWRA, and WIWA.

142. Defendants knowingly, willfully, and/or in reckless disregard of the FLSA and applicable Washington law carried out employment policies that systematically deprived the Hourly Employees of *bona fide* meal and rest periods, earned wages and premium overtime pay at the required rate.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
## (FLSA COLLECTIVE)

143. Guillemette brings his FLSA claims as a collective action on behalf of himself and the other FLSA Collective Members under Section 216(b) of the FLSA.

144. Defendants violated, and are violating, the FLSA by employing non-exempt employees (the FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay, based on all remuneration, for hours worked in excess of 40 a workweek.

Deleted: <#>GP knew its Hourly Employees were non-exempt employees entitled to overtime.
GP knew it paid its Hourly Employees by the hour.
Deleted: <#>GP
Deleted: <#>its
Deleted: GP
Deleted: its
Deleted: GP
Deleted: it
Deleted: was
Deleted: it
Deleted: GP
Deleted: it
Deleted: was
Deleted: it
Deleted: <#>GP knew, should have known, or recklessly disregarded the WIWA and the Washington L&I regulations.
Deleted: <#>GP
Deleted: <#>its
Deleted: <#> Washington law
Deleted: GP
Deleted: its
Formatted: Line spacing: single
Formatted: Indent: Left: 0", First line: 0.5"
Deleted: ORIGINAL


JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

145. Defendants' unlawful conduct harmed the FLSA Collective Members by depriving them of the overtime wages they are owed.

146. Accordingly, the FLSA Collective Members are entitled to recover the difference between the wages paid and the overtime wages actually earned, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

**147.** Because Defendants knew or showed reckless disregard for whether their pre-shift off the clock policy and rounding policy violated the FLSA, Defendants owe the Hourly Employees these wages for at least the past three years.

## COUNT II
## FAILURE TO PAY OVERTIME UNDER THE WMWA
## (CLASS ACTION)

148. Guillemette brings his WMWA claim as a class action on behalf of himself and the other Washington Class Members pursuant to FED. R. CIV. P. 23.

149. Defendants' conduct violates the WMWA. RCW 49.46, *et seq.*

150. At all relevant times, Defendants were subject to the WMWA because they were (and are) "employers" within the meaning of the WMWA. *See* RCW 49.46.010(4); *see also* RCW 49.48.082(6).

151. At all relevant times, Defendants employed Guillemette and the other Washington Class Members as their covered "employees" within the meaning of the WMWA. *See* RCW 49.46.010(3); *see also* RCW 49.48.082(5)(a).

152. The WMWA requires employers, like Defendants, to pay non-exempt employees, including Guillemette and the other Washington Class Members, wages, including overtime wages at rates of at least 1.5 times their true regular rates of pay for all hours worked in excess of 40 in a workweek. RCW 49.46.130 *and* RCW 49.46.090.

153. Guillemette and the other Washington Class Members are entitled to wages, including overtime pay under the WMWA.

**Formatted:** Pleading Paragraph, Left, None, Indent: Left: 0", First line: 0.5", Right: 0.06", Don't add space between paragraphs of the same style, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.75" + Indent at: 1", Don't keep with next

**Deleted:** ¶

**Formatted:** Font: Bold, Underline, Small caps

**Deleted:** <#>Guillemette realleges and incorporates paragraphs 1. through 132. of this Complaint.¶

**Deleted:** <#>Hourly Employees

**Deleted:** <#>CR 23

**Deleted:** GP's

**Deleted:** GP

**Deleted:** was

**Deleted:** GP

**Deleted:** was

**Deleted:** is

**Deleted:** an

**Deleted:** GP

**Deleted:** Hourly Employees

**Deleted:** its

**Deleted:** GP

**Deleted:** Hourly Employees

**Deleted:** Hourly Employees

**Deleted:** ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

154. Defendants violated, and are violating, the WMWA by failing to pay non-exempt employees (Guillemette and the other Washington Class Members) wages, including overtime wages at rates of at least 1.5 times their true regular rates of pay for all hours worked after 40 in a workweek. *See* RCW 49.46.130; *see also* RCW 49.46.090.

155. Defendants' unlawful conduct harmed Guillemette and the other Washington Class Members by depriving them of the wages owed under Washington law.

156. Accordingly, Defendants owe Guillemette and the other Washington Class Members the difference between the wages paid and the wages, including overtime wages earned, plus pre-judgment interest at a rate of 12% per annum. RCW 19.52.020 *and* RCW 49.46.090.

157. Finally, Guillemette and the other Washington Class Members are also entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.46.90.

## COUNT III
## WILLFULLY WITHHOLDING EARNED WAGES UNDER THE WWRA
## (CLASS ACTION)

158. Guillemette brings his WWRA claim as a class action on behalf of himself and the other Washington Class Members pursuant to FED. R. CIV. P. 23.

159. Defendants' conduct violates the WWRA. RCW 49.52, *et seq*.

160. At all relevant times, Defendants were subject to the WWRA because Defendants were (and are) "employers" within the meaning of the WWRA. *See* RCW 49.46.010(4); *see also* RCW 49.48.082(6).

161. At all relevant times, Defendants employed Guillemette and the other Washington Class Members as covered "employees" within the meaning of the WWRA. *See* RCW 49.12.005(4); *see also* RCW 49.48.082(5)(b).

162. The WWRA prohibits employers, like Defendants, from depriving employees, including Guillemette and the other Washington Class Members, of "any part of his or his wages" and from "pay[ing] any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance or contract." RCW 49.52.050.

Deleted: GP
Deleted: is
Deleted: Hourly Employees
Deleted: GP's
Deleted: Hourly Employees
Deleted: GP
Deleted: s
Deleted: Hourly Employees
Formatted: Indent: First line: 0.5", No widow/orphan control
Deleted: Hourly Employees
Formatted: No widow/orphan control
Formatted: No widow/orphan control, Don't keep with next
Deleted: <#>Guillemette realleges and incorporates paragraphs 1. through 132. of this Complaint.¶
Formatted: Indent: First line: 0.5", No widow/orphan control, Don't keep with next
Deleted: <#>Hourly Employees
Deleted: <#>CR 23
Deleted: GP's
Formatted: Indent: First line: 0.5", No widow/orphan control
Deleted: GP
Deleted: was
Deleted: GP
Deleted: was
Deleted: is
Deleted: an
Deleted: GP
Deleted: Hourly Employees
Deleted: GP
Deleted: Hourly Employees
Deleted: ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

163. Defendants violated, and are violating, the WWRA by willfully withholding earned wages from Guillemette and the other Washington Class Members for the hours they worked during their on-duty "meal periods" and "rest periods," which Defendants were obligated to pay under Washington law. *See* RCW 49.52.050.

164. Defendants also violated, and are violating, the WWRA by willfully withholding earned overtime wages from Guillemette and the other Washington Class Members, which Washington law obligated Defendants to pay at rates not less than 1.5 times their regular rates of pay. *See* RCW 49.52.050

165. Defendants' unlawful conduct harmed Guillemette and the other Washington Class Members by willfully withholding earned wages (including earned overtime wages at the required premium rate) from these employees, which they are owed under Washington law.

166. Accordingly, Defendants owe Guillemette and the other Washington Class Members their willfully withheld earned wages plus exemplary damages in an amount equal to 2 times their willfully withheld wages. RCW 49.52.070.

Finally, Guillemette and the other Washington Class Members are also entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.52.070.

## COUNT IV
## FAILURE TO PROVIDE *BONA FIDE* MEAL AND REST PERIODS UNDER THE WIWA
## (CLASS ACTION)

167. Guillemette brings his meal and rest periods claims under the WIWA and related L&I regulations as a class action on behalf of himself and the other Washington Class Members pursuant to FED. R. CIV. P. 23.

168. Defendants' conduct violates the WIWA's (and the related L&I regulations') meal and rest period requirements. RCW 49.12, *et seq.*; WAC 296-126-092.

169. At all relevant times, Defendants were subject to the WIWA and related L&I regulations because Defendants were (and are) "employers" within the meaning of the WIWA and the L&I regulations. *See* RCW 49.12.005(3); WAC 296-126-002(1).

**Deleted:** GP
**Deleted:** is
**Deleted:** Hourly Employees
**Deleted:** GP
**Deleted:** was
**Deleted:** GP
**Deleted:** is
**Deleted:** Hourly Employees
**Deleted:** GP
**Deleted:** GP's
**Deleted:** Hourly Employees
**Deleted:** GP
**Deleted:** s
**Deleted:** Hourly Employees
**Deleted:** Hourly Employees
**Deleted:** II
**Deleted:** <#>Guillemette realleges and incorporates paragraphs 1. through 132. of this Complaint.¶
**Deleted:** <#>Hourly Employees
**Deleted:** <#>CR 23
**Formatted:** Small caps
**Deleted:** GP's
**Deleted:** GP
**Deleted:** was
**Deleted:** GP
**Deleted:** was
**Deleted:** is
**Deleted:** an
**Deleted:** ORIGINAL


JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

170. At all relevant times, Defendants employed Guillemette and the other Washington Class Members as covered "employees" within the meaning of the WIWA and the Washington L&I regulations. *See* RCW 49.12.005(4); WAC 296-126-002(2).

171. The WIWA prohibits employers, like Defendants, from employing employees, including Guillemette and the other Washington Class Members, under conditions of labor detrimental to their health. RCW 49.12.020.

172. The L&I regulations require employers, like Defendants, to provide employees, including Guillemette and the other Washington Class Members, meal periods of at least 30 minutes which commence no less than 2 hours nor more than 5 hours from the beginning of the employees' shift. WAC 296-126-092(1).

173. The L&I regulations further mandate that meal periods shall be paid when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. WAC 296-126-092(1).

174. The L&I regulations also require employers, like Defendants, to provide employees, including Guillemette and the other Washington Class Members, rest periods of at least 10 minutes for every 4 hours of working time. WAC 296-126-092(4).

175. The L&I regulations further prohibit employers, like Defendants, from requiring employees, including Guillemette and the other Washington Class Members, to work more than 3 hours without a rest period. WAC 296-126-092(4).

176. Washington law also requires employers, like Defendants, to compensate employees, including the Washington Class Members, for denied, missed, or interrupted meal and rest periods. *See, e.g.*, *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wn. App. 2d 418 (2024), *review denied*, 4 Wn.3d 1007 (2025); *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn. 2d 507 (2018); *Pellino v. Brinks Inc.*, 190 Wn. 2d 507 (2018).

177. Throughout the relevant period, Defendants expected and required Guillemette and

Deleted: GP
Deleted: Hourly Employees
Deleted: GP
Deleted: Hourly Employes
Deleted: GP
Deleted: Hourly Employees
Deleted: GP
Formatted: Indent: First line: 0.5", Line spacing: Double
Deleted: Hourly Employees
Deleted: GP
Deleted: Hourly Employees
Deleted: PG
Deleted: Hourly Employees
Deleted:
Deleted: GP
Deleted: ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

the other Washington Class Members to remain on duty and perform compensable work throughout their shifts, including during their "meal and rest periods."

178. Guillemette and the other Washington Class Members were not relieved of all duties during their attempted meal and rest periods but instead were subject to work interruptions.

179. Thus, Defendants violated, and are violating, the WIWA, WMWA, and related L&I regulations by failing to provide Guillemette and the other Washington Class Members *bona fide* meal and rest periods. *See* RCW 49.12.020; WAC 296-126-092.

180. Defendants' unlawful conduct harmed Guillemette and the other Washington Class Members by depriving them of the *bona fide* meal and rest periods they are owed under Washington law.

181. Accordingly, Guillemette and the Washington Class Members are entitled to recover their unpaid wages for their missed meal and rest periods, penalty wages, and pre-judgment interest at a rate of 12% per annum. RCW 19.52.020.

182. Finally, Guillemette and the other Washington Class Members are also entitled to recover their reasonable attorney's fees and costs incurred in this action. RCW 49.12.150.

## JURY DEMAND

183. Guillemette demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Guillemette, individually and on behalf of the other Hourly Employees, seeks the following relief:

(a) An Order allowing this action to proceed as a collective action under the FLSA and directing notice be sent to all the FLSA Collective Members allowing them to join this collective action by filing a written notice of consent;

(b) An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

**Deleted:** Hourly Employees

**Deleted:** Hourly Employees

**Deleted:** GP

**Deleted:** is

**Deleted:** Hourly Employees

**Deleted:** GP's

**Deleted:** Hourly Employees

**Deleted:** Hourly Employees

**Deleted:** Hourly Employees

**Formatted:** Indent: First line: 0.5", Right: 0", Add space between paragraphs of the same style, Line spacing: Double

**Formatted:** Line spacing: Double

**Deleted:** ORIGINAL

(c) An Order appointing Guillemette and his counsel to represent the interests of the Washington Class Members;

(d) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Guillemette and the FLSA Collective Members, plus liquidated damages in an amount equal to their unpaid wages;

(e) An Order pursuant to Washington law finding Defendants liable for all unpaid earned wages owed under the WMWA, exemplary damages in an amount equal to 2 times the willfully withheld wages;

(f) A Judgment awarding the Hourly Employees all unpaid wages and all other damages available under the FLSA and/or Washington law;

(g) attorney's fees, costs, and expenses;

(h) pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

(i) all such other and further relief as may be necessary and appropriate.

Date: October 16, 2026 Respectfully submitted,

**FRANK FREED SUBIT & THOMAS, LLP**

By: */s/ Michael C. Subit*
Michael C. Subit, WSBA #29189
msubit@frankfreed.com
705 Second Ave., Suite 1200
Seattle, Washington 98104
Telephone: 206.682.6711

**JOSEPHSON DUNLAP, LLP**

Michael A. Josephson*
mjosephson@mybackwages.com

**Formatted:** Numbered paragraph, Indent: Left: 0.5", Hanging: 0.5", Right: 0.06", Line spacing: single, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: Not at 0.5" + 1" + 2" + 2.5" + 3" + 3.5" + 4" + 4.5" + 5" + 5.5" + 6" + 6.5"

**Formatted:** Font: (Default) Garamond

**Formatted:** Font: Kern at 12 pt

**Deleted:** <#>An Order certifying this lawsuit as a class action pursuant to WASH. SUP. CT. CIV. R. 23.¶
An Order appointing Guillemette and his counsel to represent the interests of the Hourly Employees;¶
An Order finding GP liable to Guillemette and the other Hourly Employees for failing to provide them with *bona fide* meal and rest periods plus all available statutory penalties;¶
An Order finding GP liable to Guillemette and the other Hourly Employees for all unpaid overtime wages owed under the WMWA, plus pre-judgment interest at a rate of 12% per annum;¶
An Order finding GP liable to Guillemette and the other Hourly Employees for all willfully withheld wages owed under the WWRA, plus exemplary damages in an amount equal to 2 times their willfully withheld wages;¶
An Order awarding attorney's fees, costs, and expenses to the Hourly Employees;¶
A Judgment against GP awarding Guillemette and the other Hourly Employees all their willfully withheld wages, unpaid overtime, liquidated damages, exemplary damages, statutory damages, attorney's fees, costs, expenses, and any other penalties available under the WMWA, WWRA, and WIWA;¶
An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and¶
All such other and further relief as may be necessary and appropriate.¶

**Deleted:** June 30

**Deleted:** →

**Deleted:** ORIGINAL



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

Andrew W. Dunlap*
adunlap@mybackwages.com
5847 San Felipe, Suite 2400
Houston, Texas 77057
Telephone: 713.352.1100

**BRUCKNER BURCH, PLLC**

Richard J. (Rex) Burch*
rburch@brucknerburch.com
5847 San Felipe, Suite 2400
Houston, Texas 77057
Telephone: 713.877.8788

**Pro Hac Vice Applications Forthcoming*

**ATTORNEYS FOR GUILLEMETTE**
**& THE HOURLY EMPLOYEES**

Deleted: ORIGINAL

| | | |
|---|---|---|
| **Page 4: [1] Deleted** | **Scott Stottlemyre** | **10/16/26 2:03:00 PM** |